UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAN YANG, INDIVIDUALLY AND ON BEHALF OF ALL OTHER EMPLOYEES SIMILARLY SITUATED,

Plaintiffs,

- against -

UES DENTAL, P.L.L.C., d/b/a Central Dental, UES DENTAL, P.L.L.C., d/b/a Yorkvill Dental , Ratna Monga , John Doe and Jane Doe # 1-10

Defendants.

Case No.

**COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff DAN YANG ("Plaintiff"), on her own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants UES DENTAL, P.L.L.C., d/b/a Central Dental, UES DENTAL, P.L.L.C., d/b/a Yorkvill Dental , Ratna Monga , John Doe and Jane Doe # 1-10   (collectively "Defendants") , alleges and shows the Court the following:

## INTRODUCTION

1. This is an action brought by Plaintiff on her own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (3) liquidated damages equal to the sum of unpaid overtime pursuant to the NY Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff Dan Yang is a resident of Queens and was employed by UES DENTAL, P.L.L.C. as a Dental Assistant from September 2013 to Feburary 2016.

8. Throughout her employment, Plaintiff mainly worked at the following two of Defendants dental clinics that operated by the Defendants: Central Dental located at 5 E 44TH ST NEW YORK ,NY 10017; Yorkville Dental located at 1485 1st Avenue, New York, NY 10075.

## DEFENDANTS

*Corporate Defendant*

9. Upon information and belief, Defendant, UES DENTAL, P.L.L.C. owns and operates few Dental Clinics (at least two) in New York and has its principal place of business at 1485 1st Avenue, New York, NY 10075.

10. Upon information and belief, Defendant, UES DENTAL, P.L.L.C. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, UES DENTAL, P.L.L.C. purchased and handled goods moved in interstate commerce.

11. At all times relevant herein, UES DENTAL, P.L.L.C. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

12. At all times relevant herein, the work performed by Plaintiff was directly essential to the businesses operated by UES DENTAL, P.L.L.C..

*Owner/ Operator Defendant*

13. Upon information and belief, Defendant Ratna Monga is an owner, officer, director and/or managing agent of UES DENTAL, P.L.L.C. and participated in the day-to-day operations of dental clinics operated by UES DENTAL, P.L.L.C., acted intentionally and maliciously, and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with UES DENTAL, P.L.L.C. (See Exhibit 2).

14. Upon information and belief, Ratna Monga, determines the rates of pay, work schedule (including work hours and days off), work load and employment of all employees at UES DENTAL, P.L.L.C.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation and failed to provide her a wage notice at the time of hiring in violation of the NYLL.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

17. Defendants committed the following alleged acts knowingly, intentionally and willfully.

18. Defendants knew that the nonpayment of overtime pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

19. From September 2013 to Feburary 2016, Plaintiff was hired by Defendants as an Dental Assistant.

20. Plaintiff mainly worked at two dental clinics operated by UES DENTAL, P.L.L.C. : Central Dental located at 5 E 44TH ST  NEW YORK ,NY 10017 and Yorkville Dental located at 1485 1st Avenue, New York, NY 10075

21. Regardless of which dental clinic Plaintiff was assigned to work on any given day, her responsibility was mainly to assist specific dentist(s) she was working with and her job duties therefore include various tasks that could range from providing patient care, taking X rays to recordkeeping and scheduling appointments.

22. Because Plaintiff's work schedule tied to the dentist(s)'s schedule and needs, her daily as well as weekly work schedules were somewhat flexible. Prior to 2015, the number of Plaintiff's weekly workdays varied, she worked two days a week at the minimum and six days a

4

week at the maximum. She had a two-day workweek in only few weeks, majority of the weeks she worked four to five days a week. Her daily work hours also fluctuated with the dentist's needed services but rarely dipped below eight (8) hours and regularly went beyond that with the longest being twelve (12) hours per day Starting from 2015, Plaintiff mostly worked four (4) days a week, her daily working hours mostly exceeded eight (8) hours. On any given day, Plaintiff normally started working around 9:00 am to 9: 30 am and the time she left work varies.

23. Prior to 2015, Plaintiff was compensated at an hourly rate of $14, however, her compensation was skewed by a calculation scheme ("Banking" of overtime hours) adopted by Defendants to purposefully avoid paying Plaintiff overtime compensation. Specifically, on any given week, if Plaintiff worked overtime, her overtime hours for that week will be allocated to the later week(s) that she worked less than forty (40) hours so those hours would not be properly compensated at the premium overtime hourly rate. Consequently, basing on our information and belief, there were at least 270 hours of overtime that Plaintiff worked were not properly compensated.

24. Additionally, Defendants failed to pay Plaintiff the compensation for her last two week and two days' work in the approximate amount of $1,120.

25. During this period, Plaintiff was paid bi-weekly by check.

26. During all relevant time, Plaintiff was not compensated at least at one-and-one-half of the minimum wage or her calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

## COLLECTIVE ACTION ALLEGATIONS

27. Defendants knowingly and willfully operated their business with a policy of not

paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

28.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at each their previous and current dental clinic locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

29.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than twenty (20) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

30.     Plaintiff will fairly and adequately protect the interests of the Collective Action

6

Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

31. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

32. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

33. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

d. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

34. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

35. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

36. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

37. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

38. The FLSA provides that any employer who violates the provisions of 29

U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

39. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

40. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

41. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

42. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

43. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

44. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

9

45. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

46. Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime pay violated the NYLL.

47. Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

## COUNT III
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission ,or other; allowances ,if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

50. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law§195,which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

51. Defendants not only did not provide proper notice to each employee at Time of Hire, but

10

failed to provide notice to Plaintiff even after the fact.

52. Due to Defendants' violations of New York Labor Law, the Plaintiff is entitled to recover from Defendants, jointly and severally,$50 for each workday that the violation occurred or continued to occur ,up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT IV

### [Violation of New York Labor Law—New York Pay Stub Requirement]

53. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though full set forth herein.

54. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

55. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the complying pay stub on or after each Plaintiff's payday.

56. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff to get her with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## **Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of herself, and the FLSA collective plaintiffs and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed

by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against UES DENTAL, P.L.L.C., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid overtime wages due under FLSA and New York Labor Law;

g) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

h) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

i) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees;

l) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

m) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of herself and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York November 16, 2016    HANG & ASSOCIATES, PLLC.

*/S/ JIAN HANG*
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiffs*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Yorkville Dental and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_DAN. YANG_
Full Legal Name (Print)

_Danyang_ (signature)
Signature

_4/7/16._
Date

15

# EXHIBIT 2

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO:   Ratna Monga
1485 1st Avenue, New York, NY 10075

     PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Dan Yang and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of UES DENTAL, P.L.L.C. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

     Dated: November 16, 2016