## **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Dan Yang ("Yang" or "Plaintiff"), on the one hand, and UES Dental, P.L.L.C. (the "Company") and Ratna Monga (the "Individual Defendant"), on the other hand. The Company, the Individual Defendant, and the Plaintiff may each be referred to as a "Party," or together, be referred to herein as the "Parties."

WHEREAS, a dispute arose between the Parties related to Plaintiff's employment with Defendants and the terms and conditions thereof; and

WHEREAS, Plaintiff acknowledges that her employment with the Company was on an at-will employee basis;

WHEREAS, Plaintiff acknowledges and agrees that her employment with the Company has ended and that she shall not perform any services on behalf of the Company or represent them in any way after said date;

WHEREAS, Plaintiff, through Plaintiff's Counsel, as defined below, filed a Complaint in the United States District Court, Southern District of New York, entitled Dan Yang, et al. v. UES Dental, P.L.L.C., D/b/a Central Dental, UES DENTAL, P.L.L.C., d/b/a Yorkvill Dental, Ratna Monga , John Doe and Jane Doe # 1-10 (collectively, the "Defendants"), which was assigned civil action 1:16-cv-8918 (KBF) and alleged Defendants failure to: (1) properly compensate her and so called "similarly situated" individuals for overtime in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), (2) provide a notice and acknowledgment of pay pursuant to NYLL § 195, and (3) provide accurate wage statements in violation of NYLL § 195 (collectively, the "Claims").

WHEREAS, the Defendants deny all allegations of wrongdoing made by Plaintiff;

WHEREAS, the Plaintiff, the Company, and the Individual Defendant each desire to resolve and settle the matter, as well as any and all issues relating to Plaintiff's Claims and Plaintiff's employment and/or separation from employment with the Company, in an amicable manner without the expense and aggravation of continued litigation;

NOW, THEREFORE, in consideration of the valuable consideration provided herein, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  **Consideration**:  As full settlement and final satisfaction of any and all wage and hour claims that Plaintiff has, had or may have against the Company, the Individual Defendant, and the Releasees, as defined below, including but not limited to the asserted Claims, and in consideration for the agreements and obligations set forth herein, including but not limited to the release set forth in paragraph two (2), the Company shall pay a total of TWELVE THOUSAND DOLLARS ($12,000), which shall be paid in five equal monthly payments that each consist of the following set of checks:

    (a)   one check made payable to "Dan Yang" in the gross amount of SIX HUNDRED EIGHTY NINE DOLLARS AND TWENTY FIVE CENTS ($689.25), less normal

Dan Yang's Initials:_____

and ordinary payroll deductions required by law, for which the Company will issue Dan Yang an IRS Form W-2, representing payment for any and all alleged unpaid wages;

      (b)    one check made payable to "Dan Yang" in the gross amount of SIX HUNDRED EIGHTY NINE DOLLARS AND TWENTY FIVE CENTS ($689.25), for which the Company will issue Dan Yang an IRS Form 1099-MISC, representing payment for alleged liquidated damages and penalties under the New York Labor Law and the FLSA; and

      (c)    one check made payable to "Hang & Associates, P.L.L.C." in the gross amount of ONE THOUSAND TWENTY ONE DOLLARS AND FIFTY CENTS ($1,021.50) for which the Company will issue an IRS Form 1099-MISC to "Hang & Associates, P.L.L.C.", representing payment for Plaintiff's attorneys' fees, costs and expenses incurred in this Action, whether those fees and costs were incurred by Hang & Associates, P.L.L.C. or any other law firm or attorney.

      The Company will cause the first set of monthly checks referenced in paragraph 1(a) through (1)(c) to be placed in the mail addressed to Plaintiff's Counsel, as defined below, within fifteen (15) business days of the latter of (i) the Court's dismissal of the Complaint with prejudice, or (ii) the Company's Counsel's receipt of all of the following: (1) the last page of the Agreement signed by Plaintiff; (2) all pages, except for the last page, initialed by Plaintiff; (3) a signed copy of a Federal W-9 Form from Hang & Associates, P.L.L.C.; and (4) a signed copy of a Federal W-4 form from Plaintiff.  The Company's obligation to make the payments described in paragraphs 1(a) through (1)(c) are conditioned upon the receipt of the above-referenced documents and the dismissal of the Complaint with prejudice.  After the first set of checks are mailed to Plaintiff's Counsel, the Company will then cause each of the four (4) installments of the checks referenced in paragraph 1(a) through 1(c), on or before one calendar month after the first set of check were due, and then continuing thereafter until a total of five (5) sets of checks have been mailed.

      Plaintiff acknowledges that the foregoing payments fully compensate her for all Released Claims, as defined in paragraph two (2) below, including all of her claims arising out of, alleged in, or related to the facts and transactions alleged in the Complaint, as well as attorney's fees, costs, interest and/or other expenses incurred in the prosecution of the Complaint, and that Plaintiff shall not make any further claim against the Company, Individual Defendant, or the Releasees for attorney's fees, costs, interest or any other expenses of any kind which may have been incurred. Plaintiff acknowledges that the foregoing payments fully compensate her as required under the FLSA and NYLL, and all other federal, state, and local laws, ordinances, rules, regulations or orders.  Accordingly, Plaintiff covenants and agrees not to seek, accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on Wage-Related Claims, as defined in paragraph two (2), which may arise out of, or in connection with any other individual, class or any administrative remedies pursued by any federal, state or local governmental agency against Company, Individual Defendant, or the Releasees.

      2.    **Release of All Wage and Hour-Related Claims**: (a) Plaintiff, individually and on behalf of herself and her heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquishes, releases, and waives all possible complaints, causes of action, liabilities, obligations, demands, contract rights, and claims against Ratna Monga, the Company, including any parent companies, subsidiaries, divisions, insurers, related or affiliated companies, predecessors, successors or assigns, as well as its or their current or former employees, agents, shareholders, officers, and directors (collectively, the "Releasees"), that may have arisen

Dan Yang's Initials:_____

from the beginning of time to the date of her signature on this Agreement. The foregoing release encompasses only wage-related claims, whether or not those claims are brought pursuant to the Fair Labor Standards Act, the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq., New York Labor Law, New York State Laws, the New York Whistleblower Statute, the New York State Constitution, and all other federal, state, and local laws, ordinances, rules, regulations or orders, all as may have been amended from time to time (collectively, "Wage-Related Claims"). Wage-Related Claims is also defined to encompass those claims alleged in the Complaint or those claims that could have been alleged; any retaliation claims, under the FLSA or other applicable law or rule, alleging that the Releasee's act(s) or omission(s) constituted retaliation against her for complaining about her wages or for asserting wage-related claims; and all derivatives of Wage-Related-Claims, which include, but are not limited to, claims for wage statement and/or notice requirements, attorneys' fees, expenses and costs; liquidated damages; penalties; and interest. This waiver and release includes all Wage-Related Claims now known to Plaintiff, as well as all possible Wage-Related Claims that are not known to Plaintiff. ('The above shall be collectively referred to as "Released Claims").

(b) Plaintiff understands that nothing in this Agreement shall be construed to prohibit her from filing a charge or complaint with, or participating in any investigation or proceeding conducted by, the Equal Employment Opportunity Commission, National Labor Relations Board, and/or any other federal, state or local agency charged with the enforcement of any laws. Notwithstanding the foregoing, Plaintiff waives any and all rights to recover monetary damages or other recovery in any charge, compliant, or lawsuit filed by her or by anyone else on her behalf based on Released Claims that arose prior to the date she signs this Agreement. Plaintiff further understands that this Agreement does not release: (i) any claim for vested benefits under any ERISA plan; (ii) any non Wage-Related Claims, as defined above; (iii) any claim that this Agreement has been breached; or (iv) any claim that cannot be released by private agreement, including, but not limited to, claims for benefits for occupational injury or illness under the workers' compensation law or claims for unemployment insurance benefits.

3. **Future Application/Employment**:  Plaintiff agrees and recognizes that her employment relationship with the Company and Releasees, if any, (and any affiliated or related companies) has been permanently and irrevocably severed, and she forever waives any and all claims or rights to reinstatement or future employment.  Plaintiff agrees that she shall not at any time seek future employment with the Company or Releasees (or any affiliated or related company).  A breach of this paragraph by Plaintiff shall constitute lawful and just cause for a refusal to employ her.

4. **Neutral Reference:**  Defendants agree that if any prospective employer of Plaintiff shall contact Defendants for reference or recommendations, Defendants shall confirm Plaintiff's dates of employment with Defendants and job title held.  Plaintiff shall direct all reference inquiries to the attention of Dr. Sethi at 917.359.7377.

5. **Submission To The Federal Court For Approval And Dismissal With Prejudice**: The Parties intend for Plaintiff to waive any and all Wage-Related Claims, including claims under the FLSA and NYLL, he may have or might have had against the Defendants and Releasees from the beginning of time up to and including the date the District Court dismisses the Action with prejudice. The Parties further agree to the following:

Dan Yang's Initials:_____

        (a) On or before May 19, 2017, Plaintiff will file this Agreement together with Plaintiff's motion for approval of the settlement with the Court;

        (b) In the event the District Court requires additional documentation or information, the Parties agree to take all steps necessary to ensure this Complaint is dismissed with prejudice.

        (c) In the event this Action is not dismissed with prejudice by the District Court following the Parties' efforts in paragraph 5(b), this Agreement shall be null and void and no payments shall be made pursuant to paragraph 1 of the Agreement. The case shall be restored to the Court's calendar for discovery and trial; and

        (d) The Parties agree the Court shall retain jurisdiction to enforce the terms of the Agreement unless specifically set forth otherwise.

        (e) In the event any other plaintiffs or opt-in plaintiffs filing a consent to join or otherwise join the lawsuit before the case is dismissed with prejudice, Defendants shall have five (5) days following any filing with the Court to reject the lawsuit, in which case this Agreement shall be null and void and no payments shall be made pursuant to paragraph 1 of the Agreement. The case shall be restored to the Court's calendar for discovery and trial.

    6.    **No Other Complaints or Charges**:  Plaintiff hereby represents that she has no pending actions, administrative charges or complaints, grievances or arbitrations against the Company or Releasees.

    7.    **Nonadmission of Wrongdoing**:  By entering into this Agreement, the Releasees do not admit any liability or wrongdoing whatsoever, and expressly deny the same; it being expressly understood and agreed that this Agreement is not intended and shall not be deemed to constitute an admission that any person, Company or entity was liable to any other person, or that the Company or Releasees engaged in any wrongdoing or misconduct whatsoever.  It is expressly understood and agreed by the Parties that this Agreement is being entered into by the Company solely for the purpose of avoiding the costs and disruption of ongoing litigation.

    8.    **Changes to the Agreement**:  This Agreement may not be changed unless the changes are in writing and signed by all of the Parties or their designees.

    9.    **Severability**:  The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

    10.    **Governing Law**:  This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York.

    11.    **Assignment of Claims**:  Plaintiff hereby represents and warrants that she has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

    12.    **Voluntary Agreement**:  Plaintiff understands and agrees that:

Dan Yang's Initials:\_\_\_\_\_

(a) She is not suffering from any impairment that would render her incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement;

(b) She has carefully read and fully understands all of the provisions of this Agreement;

(c) No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce her to enter into this Agreement;

(d) She was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable time in which to consider the terms of this Agreement before executing it.

13. **Full and Complete Agreement**: This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter hereof.

14. **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

15. **Counterparts**: This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

16. **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

17. **Facsimile/Email**: A facsimile or email copy of this Agreement will have the same force and effect as the original.

18. **Notices**. All notices or communications under this Agreement shall be delivered by email and either first class or U.S. Priority to mail the address of the Company's Counsel or Plaintiff's Counsel, respectively, as follows:

Company's Counsel:

        Justin R. Marino, Esq.
        Stevenson Marino LLP
        105 Maxess Road, Suite 124
        Melville, NY 11747
        Email – jmarino@stevensonmarino.com

Dan Yang's Initials:_____

<u>Plaintiff's Counsel:</u>

> Jian Hang, Esq.
> Hang & Associates, PLLC
> 136-18 39th Avenue, Suite 1003
> Flushing, New York 11354
> Email – jhang@hanglaw.com

Either Party may give notice of change of address in writing as set forth in this paragraph.

> **THIS AGREEMENT CONTAINS A WAIVER OF ALL KNOWN AND UNKNOWN WAGE-RELATED-CLAIMS, AS DEFINED HEREIN, BY DAN YANG.  READ THIS ENTIRE DOCUMENT CAREFULLY AND DO NOT SIGN UNLESS YOU DO SO VOLUNTARILY.   YOU SHOULD CONSULT WITH AN ATTORNEY BEFORE SIGNING.**

**<u>AGREED:</u>**                                                        **UES Dental, P.L.L.C.**

_____              By: _____
    Dan Yang

Dated:_____                Dated:_____

Dan Yang's Initials:\_\_\_\_\_